107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry PRESTON, Petitioner-Appellant,
v.
Jack MORGAN, Respondent-Appellee.
 No. 96-5068.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: KENNEDY, NELSON, and VAN GRAAFEILAND,[1] Circuit Judges.
 
 ORDER
 
 2
 Larry Preston, a pro se Tennessee prisoner, appeals a district court order dismissing his petition, filed under 28 U.S.C. § 2254, for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1975, a jury convicted Preston of murder and sentenced him to death. Shortly after the sentence was announced, Preston pleaded guilty to two counts of first degree burglary and two counts of second degree burglary. The murder conviction was later reversed.
 
 
 4
 In 1983, a jury convicted Preston of grand larceny and accorded him habitual criminal status based on his prior burglary convictions. He was sentenced to life imprisonment on the strength of the habitual criminal finding. The Tennessee Court of Criminal Appeals affirmed, and the Tennessee Supreme Court denied discretionary review.
 
 
 5
 Preston filed his federal habeas corpus petition after properly exhausting his state court remedies. He argued that his guilty pleas on the burglary charges were not in compliance with the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), and could not be used in determining whether he was an habitual criminal. After an evidentiary hearing, a magistrate judge found that although the Boykin requirements were not satisfied, the state had proved that the pleas were voluntary and intelligent. The magistrate recommended that the petition be denied. The district court accepted this recommendation, denied the petition, and issued a certificate of probable cause.
 
 
 6
 In his timely appeal, Preston reasserts the argument he made before the district court. The state argues that the district court should not have issued a certificate of probable cause, but should instead have issued a certificate of appealability--specifying the issues on appeal--pursuant to § 102 of the Antiterrorism and Effective Death Penalty Act. The state further argues that § 104 of the Act limits federal habeas review of any relevant state court findings.
 
 
 7
 Whether the district court should have issued a certificate of appealability as opposed to a certificate of probable cause is immaterial. We have held that the standards for issuing these certificates are the same in the case of state prisoners seeking habeas corpus review. Lyons v. Ohio Adult Parole Authority, No. 96-3489, Slip Op. at 21 (6th Cir. Jan. 22, 1997). And it is of no consequence that the district court did not specify which issues could be appealed, Preston having raised only one issue in his petition.
 
 
 8
 Nor is it material whether § 104, which mandates greater deference to state court findings, applies here; the state court's post-conviction determination that Mr. Preston's claim has no merit is correct under any standard. Although the state trial court did not comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 242-44 (1969), the state demonstrated in the evidentiary hearing before the magistrate judge that Mr. Preston's pleas were voluntary and intelligent. Preston's attorney testified that the petitioner fully understood his rights and was mentally capable of making an informed decision, and the petitioner's prior experience with the criminal justice system is evidence that he waived his rights knowingly. See Parke v. Raley, 506 U.S. 20, 36 (1992). Mr. Preston has not shown that the proceedings against him were fundamentally unfair, and the district court did not err in dismissing the petition. See Clemmons v. Sowders, 34 F.3d 353, 356 (6th Cir.1994).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The Honorable Ellsworth A. Van Graafeiland, United States Circuit Judge for the Second Circuit, sitting by designation